## JOHN M. ALEXANDER v. J. P. TOUHY.

1. LEASE; *Removal of Buildings erected by Lessee.* Where a lessee by the terms of the lease is to be deemed the owner of the buildings erected by himself on the leased premises, he may sell or remove said buildings from the leased premises during the continuance of the lease; and a provision in the lease, that the lessee may remove said buildings at the expiration of the lease, does not prevent him from removing them during the continuance thereof.

2. LEASE; COVENANTS; *Re-entry; Forfeiture.* Where a lease contains a provision that "if default shall be made in any of the covenants herein contained, then it shall be lawful for the 'lessor' to re-enter the said premises and to remove all persons therefrom," and default was made by the lessee, but the lessor never re-entered the premises, nor did anything else for the purpose of creating a forfeiture of the lease, but on the contrary sued the lessee for the full amount of the rent which would accrue for said premises up to the time when the lease would expire by the force of its own limitations, although that time had not yet arrived, *held,* that the lease must be considered as still subsisting in full force and operation at the time of the commencement of said suit.

*Error from Leavenworth District Court.*

ALEXANDER brought suit against William C. Eagles, *J. P. Touhy,* and Alexander Repine, as defendants, to recover certain moneys alleged to be due under a lease from *Alexan-*

*der* to Eagles, to replevy certain personal property, and to enjoin *Touhy* from removing from the leased premises a certain building erected thereon by Eagles, the lessee, and sold to him by Eagles. To this petition *Touhy* demurred. At the May Term 1873 the district court sustained said demurrer on the ground that said petition does not state facts sufficient to constitute a cause of action, and dissolved and discharged the temporary injunction previously granted as to said *Touhy*. To reverse which judgment and orders this procceding in error is brought.

*Clough & Wheat*, for plaintiff in error:

The parties to the lease made an express stipulation as to when and under what circumstances Eagles, the lessee, might remove improvements, which express stipulation was to the effect "that at the expiration of the term of seven years," ending on the 30th of June, 1873, Eagles might, if he had previously fulfilled all his covenants in that lease contained, remove such improvements as he might have erected on the premises during said term; by thus expressly contracting as to when and under what circumstances Eagles might remove improvements, all such rights of removal as he would otherwise have had are negatived by the contract, and he was limited as to right of removing improvements, and under that contract he could of course exercise only such right of removal at the expiration of the lease and not before, at least not until he had fully complied with the terms thereof. "The express mention of one thing implies the exclusion of another." Broom's Legal Maxims, 626 to 642; 39 Me., 144; 48 Me., 212. There cannot be any implied contract where, or on a subject as to which, an express contract has been made. 28 Ill., 383; Chitty Contr., 24, notes; 45 Miss., 66; 16 Peters, 319; 4 Mass., 448; 1 Doug. (Mich.), 330; 4 Kas., 160; 12 Wis., 163. These authorities are, we submit, conclusive that any such implied right of removal as Eagles would have had if the clause in relation to that matter had not been in the lease, did not exist, and could not be exercised by him. The peti-

5—13 KAS.

tion shows that he had not complied, and that the circumstances did not exist under which the contract would, if he had fully performed the lease on his part, have permitted him to remove; and by the demurrer Touhy not only admitted non-payment of rent and non-compliance with the lease by Eagles, but also admitted that Eagles was insolvent, and was about to remove the improvements for the purpose of defrauding the plaintiff. In view of the cases above cited, we suppose it will be conceded that neither Eagles nor any one claiming under him had any right to remove buildings, improvements, etc., without having first on his part fully complied with and performed that contract, the terms of the lease, on his part; and it stands for true on demurrer that Eagles had not done so. Of course, Touhy had no greater right than Eagles, and held whatever interest, if any, he purchased from Eagles subject to the same terms and conditions as Eagles. 4 Md., 72; 1 Hil. on Mortg., 227.

The last quarter's rent of the entire term came due before the suit was brought, as the rent after the first year was to be paid in advance, in equal quarter-yearly payments, and therefore plaintiff had a cause of action against Eagles to recover all of the unpaid rents, which cause of action was fully stated in the petition. And the default of Eagles to set out and keep the trees, and his default in paying taxes, each operated to forfeit the lease without demand, because of which plaintiff could re-enter without demand. 5 Eng. L. & Eq., 417; 8 Minn., 281.

Though we do not consider it necessary in this case to determine whether the lease was forfeited or not, as we think plaintiff had his cause of action and right to sue whether the lease was or was not forfeited. That suing for rent does not operate to waive a forfeiture even though the suit was to recover the rent for the non-payment of which the lease was forfeited. 2 Disney, 574; 41 How. Pr., 27; Taylor's Landlord and Tenant, § 499; 4 Bing., N. C., 178; 33 E. C. L. R., 657; Cowper, 243. But whether there had or had not been a forfeiture, is immaterial in this case. The suit is to recover

rent, and to keep the security for the payment thereof, where the parties to the contract agreed it should remain until Eagles had performed the requirements of the lease on his part.

*Green & Foster*, for defendant in error:

1. There was no error in sustaining the demurrer of defendant in error. By the contract of lease it clearly appears that in contemplation of the parties the improvements which Eagles might put on the premises should be his personal property, otherwise reference would not have been made to their removal at the end of the term; nor would the parties have provided for the assessment and taxation of the improvements separately from the realty, if it had been intended that they should have become a part thereof. (Gen. Stat., 543, ch. 56, § 31.) The improvements then being Eagles' personal property, it was competent for him to sell them and make a good title, or they might have been sold on execution, and the purchaser have acquired a perfect title; so that in whichever way Touhy obtained his interest his right of removal was complete. Taylor's Landlord and Tenant, § 551; 12 Wis., 163.

2. The petition does not show any forfeiture of the lease, but on the contrary treats the tenancy as still subsisting pending the litigation by suing for the whole rent due up to the end of the term; and a lessor cannot avoid a lease for a breach of the covenant when by his own act subsequent to the breach he treats the tenancy as still subsisting. (40 Mo., 449.) And in order to show a forfeiture for nonpayment of the rent the lessor must allege and prove a demand for the rent on the day it becomes due: Taylor's L. & T., §§ 297, 493, 495; 21 Ind., 454; 13 Ohio St., 471; 12 Ohio, 212; 1 Am. Law Reg., (N. S.,) 352.

The mere fact of the nonpayment of rent does not work a forfeiture of the lease, but demand must be made at the proper time for the rent, and the ten days' notice must be given as required by § 7 of the Landlord and Tenant act, (Gen. Stat., 540,) before the lease can be determined; and no

such demand or notice is alleged, and the petition is therein insufficient. Ch. 131, § 4, Comp. Laws of 1862, under which the lease was made, gave the remedy of ten days' notice only against tenants at will, and from year to year.

3. The statutes give no lien to the landlord except in the single case of rent due for farming land, and provides specifically that rents shall be collected as other debts; and there is no more a landlord's lien than a vendor's lien.

4. The tenant has a right to remove any improvements placed by him on the premises for his enjoyment during the term: Taylor's L. & T., 546; 2 Peters, 137; 16 Mass., 444; 6 Nevada, 244; 102 Mass., 193; 43 Miss., 349; 62 Penn. St., 28; 30 Md., 347. And the provision in the lease that the lessee might remove at the expiration of the term does not abridge the lessee's rights to remove during the term, but rather enlarges so as to allow a removal at the expiration of the term.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff Alexander leased to William C. Eagles two certain lots in Leavenworth city for the term of seven years commencing on July 1st, 1866. Eagles covenanted to pay certain rent, to set out and take care of certain trees, and to pay all taxes that might be levied on the improvements made by himself. The following stipulations are contained in said lease, to-wit:

"And it is agreed that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and to remove all persons therefrom." "And it is agreed that at the expiration of said term of seven years the said party of the second part, having previously filled all his said covenants herein contained, may remove from said premises any and all improvements which he may have erected thereon during said term. It is further understood that said party of the second part shall pay all taxes general or special that may be assessed against any and all improvements that may be put on said premises during said term."

Eagles did not perform all of his said covenants, and in May, 1873, the plaintiff commenced this action against Eagles and the other defendants, Touhy and Repine. The action was, first, to recover $350, including the following items, to-wit, $150 for rent not paid, $150 as damages for not setting out and taking care of said trees, and $50 for taxes levied on said improvements and paid by the plaintiff; second, replevin for a house removed from said premises and placed on other premises; third, for an injunction to restrain the defendants from removing other buildings from said premises. It seems from the petition below that the defendant Eagles had erected six buildings on said premises. The petition below set up all of these facts, and other facts. The only allegation however relating particularly to the defendant Touhy reads as follows:

*1. Lease; removal of buildings erected by lessee.*

"The said plaintiff further avers that the said J. P. Touhy claims to have purchased one of the said buildings which he threatens to remove from said premises, and which he is now preparing to remove from said premises."

Touhy demurred to this petition on the grounds, first, that it did not state facts sufficient to constitute a cause of action against him; second, several causes of action were improperly joined. The court below sustained the demurrer on the first ground, and to reverse that ruling the plaintiff now brings the case to this court. We think however that the demurrer was rightfully sustained. The lease evidently contemplated that Eagles should be the owner of all the buildings erected by himself on said premises. He was to pay the taxes on them. He was to have the privilege of removing them at the expiration of his lease. There was nothing in the lease to prevent him from removing them sooner; and there was no provision giving the plaintiff any lien upon them prior to the termination of the lease. And if the buildings belonged to Eagles, he of course had the right to sell them or to remove them, or to authorize any one else to remove them at his pleasure. There is no law to prevent him from so doing; and the provision in the lease that he may remove them at the expiration

of the lease can hardly be construed as preventing him from removing them or selling them during the continuance of the lease.

It will be noticed that the only provision in the lease that contemplates in any degree a forfeiture of any kind is the one which provides that "if default shall be made in any of the covenants herein contained, then it shall be lawful for the" plaintiff "to re-enter the said premises and to remove all persons therefrom." A default alone does not create a forfeiture. It only gives the plaintiff the right to demand a forfeiture. He must "re-enter the premises and remove all persons therefrom," or demand a removal, in order to create a forfeiture. But nothing was ever done under this provision for the purpose of creating a forfeiture. On the contrary, the plaintiff sued the defendants for all the rent that would accrue for said premises up to the time when said lease would expire by the force of its own limitations, although that time had not yet arrived; thereby ratifying and confirming the continued existence of said lease. The lease was therefore subsisting in full force and operation when this action was commenced. For the same reasons that the demurrer was rightfully sustained the injunction against Touhy was rightfully dissolved. The judgment of the court below is affirmed.

*2. Lease; covenant; forfeiture.*

All the Justices concurring.