A. J. COLE, Appellant, v. JOHN JOHNSON, Appellee.

**Landlord and Tenant:** FORFEITURE OF LEASE: DEMAND FOR RENT. Where a lease contains a forfeiture clause in case the tenant fails to pay any installment of rent when due, the forfeiture cannot be enforced and an action of forcible entry and detainer maintained until demand has been made for payment of amount due, and a reasonable time given in which to pay the same.

*Appeal from Hancock District Court.*—HON. J. F. CLYDE, Judge.

MONDAY, MAY 25, 1903.

OMITTING matters not material to the questions argued in this court, this case may be stated as follows: Plaintiff, by a written instrument, leased a farm of two hundred acres in Winnebago county, Iowa, to the defendant, for a term of three years beginning March 1, 1899. By the terms of the contract the lessee undertook to pay grain rent for the cultivated lands, cash rent of $1.50 per acre

for the hay and pasture lands, and work out the highway taxes. The lease also contains a provision as follows: "A failure to pay the rent as agreed upon, or to comply with any of the stipulations of this lease by the said party of the second part, shall authorize the said party of the first part to consider the lease forfeited, and he may take possession of the premises without notice, and without process of law, or he may bring an action as allowed by law to recover possession." On the 12th of December, 1900, the plaintiff served a written notice upon the defendant to surrender the lease and quit the premises within three days, said notice reciting that plaintiff terminated said lease and claimed immediate possession of the lands on account of defendant's failure to pay the cash rent due December 1, 1900, failure to pay or work the road taxes for the years 1899 and 1900, and failure to properly cultivate said lands or care for the crop raised thereon. Defendant having refused to comply with the notice, plaintiff, on December 29, 1900, began this action—a proceeding in forcible entry and detainer—before a justice of the peace. The defendant appeared, and, denying the petition, further answered that plaintiff had waived the condition of the contract relating to the cash rent, and had voluntarily consented to an extension of time thereon. He further alleged that the number of acres of land subject to cash rent has never been determined, that the rent was payable at no particular place, and that no demand therefor had ever been made upon him. Upon the trial before the justice of the peace there was a judgment for plaintiff, from which judgment defendant appealed to the district court. The cause was tried in the latter court February 26, 1901, and at the close of the testimony the court sustained the defendant's motion to direct a verdict in his favor. There was a verdict and judgment accordingly, and an order for writ restoring defendant to the possession of the farm, and plaintiff appeals.—*Affirmed.*

*Bradford & Aldridge* for appellant.

*John Hammill* for appellee.

WEAVER, J.—It is true that under the terms of the lease a failure of the tenant to pay any installment of rent when due "authorized the lessor to consider the lease forfeited"; in other words, he had the election to waive strict performance, and permit the tenant to go on to the end of the term, or to insist upon strict performance, and take proper steps to make the forfeiture effective. It is the claim of plaintiff that he elected to pursue the latter course, and it is conceded, as we have seen, that, soon after the date when the rent for the hay and pasture land became due, he served notice upon defendant to surrender possession of the farm. There is, however, no allegation or testimony to the effect that any demand for the payment of said installment was ever made, and we are thus brought to consider the principal question presented in argument: Is a demand of the rent an essential condition to the enforcement of the forfeiture and the maintenance of forcible entry and detainer? The rule was very strict at common law, and is still observed in most states where no statutory modification has been made, that, to forfeit a lease for nonpayment of rent, demand must be made on the leased premises at or near sundown on the day when such payment falls due. See the numerous authorities cited in 18 Am. & Eng. Ency of Law (2d Ed.) 375. Without attempting now to determine just how far this rule may be abrogated by our statute, we are of the opinion that a demand should be made, and some reasonable opportunity to make payment afforded the tenant, before employing a summary remedy for his ejection. It is a familiar principle that forfeitures are not favored in law, and their effect will be limited by strict construction of statutes and contracts. There is no hardship in this re-

quirement, and there may be great hardship in enforcing a technical forfeiture, which a simple demand might have rendered unnecessary. The rule is salutary and humane, and accords with the general policy of the law. The circumstances of the present case furnish an apt illustration of the propriety and justice of this conclusion. The lease does not specify the number of acres of hay or pasture land, and hence does not in itself furnish the necessary data for ascertaining how much rent was due. The plaintiff himself did not learn the exact amount until after the trial of this case in justice's court. To determine that amount required either a mutual agreement as to the amount of land or a measurement of its area. It has frequently been held that upon a contract where the extent of the promisor's obligation is uncertain, or is not precisely known, but requires some further act of the parties to make the same definite and certain, an action will not be sustained without demand. *Chamberlain v. McAllister*, 36 Ky. 352; *Lent v. Padelford*, 10 Mass. 230 (6 Am. Dec. 119); *Bush v. Critchfield*, 4 Ohio. 103.

The order of the district court in directing a verdict for the defendant was right, and the judgment appealed from is AFFIRMED.