ROBERT ROGERS, Appellant, v. WILLIAM TEAGER, Appellee.

LANDLORD AND TENANT: Forfeitures—Duty of Landlord—Right
1   of Tenant—Opportunity to Perform. Optional rights of forfeiture are not favorites of the law. For instance, if a tenant does, or fails to do, some act which the landlord may, under his lease, either (1) forgive and ignore or (2) seize upon as the basis for a forfeiture, the landlord, to avail himself of the latter, must (a) promptly manifest his intention to demand the doing or the not doing of the particular act in question, and (b) by demand or notice give the tenant the opportunity to avoid the forfeiture if he can.

PRINCIPLE APPLIED: The rent reserved was half the grain, "delivered to market at the option" of landlord, and certain cash rent for other lands, all payable March 1st. Lease provided that the tenant should (1) destroy certain weeds, (2) haul out manure, and (3) remove none of the crops until rent was paid, and that, upon failure to so do, the landlord had the right to

declare the entire rent due and to retake possession of premises and proceed to collect rent and damages. In December the landlord and tenant had some dispute over the division of corn, and two months before the rent was due under the lease, the landlord brought an action for his rent and damages, ''because defendant had failed to haul the manure, destroy the weeds and had removed part of the crop from the premises without paying the rent,'' and plaintiff ''now elects to declare all rent and damages due.'' No complaint as to the failure to destroy the weeds or haul the manure had theretofore been made. No demand had been made that the corn be delivered. The tenant had even offered to haul to market on request. The landlord did not re-enter the premises. *Held*, there was no forfeiture, and the action was premature, irrespective of whether the tenant had done anything upon which a forfeiture *might* have been legally declared.

**APPEAL AND ERROR:** Affirmance and Remand for Judgment. A cause may be affirmed and remanded for judgment on the verdict.

PRINCIPLE APPLIED: In instant case, the appeal was from an order directing a verdict against appellant. Abstract failed to show the entry of any judgment on the verdict. No question was raised as to the right to maintain. the appeal. Cause affirmed on the merits and remanded for entry of judgment on verdict.

*Appeal from Harrison District Court.*—HON. J. B. ROCKA-FELLOW, Judge.

MONDAY, JUNE 21, 1915.

ACTION at law upon a written lease of land for the recovery of rent and for damages for alleged violations of the terms thereof, and for the enforcement of a landlord's lien. At the close of the testimony, the court sustained the defendant's motion for a directed verdict in his favor and the plaintiff appeals.—*Affirmed* and *Remanded.*

*Cochran & Barrett,* for appellant.

*Roadifer & Roadifer,* for appellee.

WEAVER, J.—Plaintiff made to defendant a lease of his farm for the term of one year, beginning March 1, 1913. The rental agreed upon was one-half of all grain raised on the premises "delivered to market at the option" of the lessor, also cash rent for the land then seeded to alfalfa at $7.00 per acre, and for land then in pasture, $5.00 per acre. It was further agreed that 16 acres of the cultivated land should be planted to small grain and the remainder (except land in alfalfa and pasture) should be planted to corn. All rent was made payable March 1, 1914. The lease contained very numerous printed provisions as to the duty of the tenant, among which he was to cut or pull cockleburs and Russian thistles, repair fences, haul out manure and should remove none of the crops until the rent was paid; and that, upon failure to perform these duties, the landlord reserved the right to declare the entire rent due and payable, and to re-take possession of the premises and proceed at once to enforce collection of all rents provided for in the lease, together with the damages resulting from the lessee's breach of the contract. After the close of the cropping season, and two months before the rent would regularly become due under the conditions of the lease, plaintiff began this action to recover the whole of the rent and damages, alleging the same were then due and payable, because defendant had failed to haul out the manure or to exterminate the burs and Russian thistles and had removed a part of the crops from the premises without first paying the rent, and that because of such violations of the contract the plaintiff "now elects to declare due all rents, including damages." The defendant appeared to the action and admitted the lease, but denied all other allegations of the petition. Trial was had upon the issues thus joined and at the close of the evidence offered by the plaintiff, the court sustained the defendant's motion for a directed verdict in his favor, because it appeared from the evidence, as a matter of law, that nothing was due the plaintiff

1. LANDLORD AND TENANT: forfeitures: duty of landlord: right of tenant: opportunity to perform.

under the terms of the lease, at the time this suit was begun. Error is assigned upon this ruling.

The evidence shows without substantial variation that defendant took possession of the land at the beginning of his term and continued to occupy and cultivate it until after the close of the cropping season, without any objection by the plaintiff as to his manner of using or caring for the premises and without notice of any kind of the plaintiff's intention to declare the rent due before the expiration of the lease. About the middle of December, 1913, some dissatisfaction arose in plaintiff's mind with respect to the quantity of corn which was being set aside for his share. Of this circumstance, the only testimony is that of the plaintiff himself, which is set forth in the abstract as follows:

"About December 13, 1913, I had a conversation with William Teagar on my farm about the rent. I requested him to come down and we would get things straightened up. I asked him if he had everything collected up together, and he said he did. Well, I asked him where my share of the crop was, and he took me out to the crib and showed me. I asked him if that was my half share and he said 'yes,' and I told him I was not satisfied with it and he said that that was all the corn I had, that I got my half share of the corn and that I could measure his. He said I had my share of the corn and I claimed I did not have my share of the corn. There was between 50 and 52 acres in corn. I farmed the place for 6 years and I know for a certainty how much there was in corn this year. There is 78 acres in the farm, of which 10 acres is to wheat and the balance to alfalfa and pasture. When I was there in November, the corn was all harvested except what was in the shock and he told me I had no interest in the shock corn, that all of my share was in the crib."

So far as appears, there was no other subject of difference between them, and the subject of alleged violations of the lease with respect to the manure and the weeds was not

mentioned. No demand was made upon defendant or direction given him when or where to deliver plaintiff's share of the corn. Indeed, plaintiff admits that defendant expressed his readiness to haul it at any time when plaintiff should inform him where to deliver it. He further admits that he did not then and never has told the defendant where he wished it delivered.

Upon this record, there can be no doubt of the correctness of the trial court's ruling. Even though the defendant may have violated or neglected to perform some of the stipulations of the lease, it did not operate automatically to work a forfeiture of his leasehold or to make the rent due or collectible at once. Indeed, plaintiff's own construction of the lease, as stated in his petition, is that, by virtue of the provisions of that instrument, he had "the option to declare all of the rent due," etc. In other words, and at the very most, if the terms of the agreement were violated by defendant, plaintiff could, by taking the proper steps, forfeit the lease, or he could waive the forfeiture and await the expiration of the term to demand and collect the rent and damages, if any were then due him. It is unnecessary to here go into the question whether defendant did or did not give the plaintiff ground upon which to declare a forfeiture; for if such ground existed, plaintiff must exercise his option to forfeit, before a right will be acquired to sue and recover the rent in advance of the agreed date of payment. It is not enough to sue first and then say to defendant, "I *now* elect to declare the whole rent due." Such a right would open the door to intolerable oppression and hardship. The authorities are practically unanimous that a reserved right in the landlord of an option to forfeit is waived if not exercised promptly upon occurrence of the act or default complained of, and is not effected without notice or opportunity given the tenant to avoid the forfeiture by due performance of his contract, if he can do so. Nothing of that kind was done here. So far as appears, no complaint was ever made to defendant

with reference to the weeds or the fences. or the manure; no demand was made upon him for a delivery of the corn; and there can be no presumption that, when demand *is* made, he will not deliver all the corn to which plaintiff is entitled. The suit was prematurely brought and it cannot be sustained. Stated in other words, no suit to enforce an optional right of forfeiture will lie until a forfeiture in law and in fact has been effected by notice or demand or by a re-entry for condition broken. As no demand .was made or notice given, and no re-entry by the lessor for condition broken, there was no forfeiture and consequently no matured right of action. *Cole v. Johnson,* 120 Iowa 667; *Alexander v. Touhy,* 13 Kan. 64; *Walker v. Engler,* 30 Mo. 130; *Catlin v. Wright,* 13 Neb. 558; *Chapman v. Wright,* 20 Ill. 120.

Courts are not inclined to sustain forfeitures of the kind here asserted on doubtful or merely technical grounds, and the person claiming such a right must bring himself strictly within the conditions precedent to its enforcement. This the plaintiff has not done.

Counsel's argument in support of the appeal seems to proceed on the theory that the evidence was sufficient to justify finding that defendant had violated several of the provisions of the lease and this is all which was required to entitle the plaintiff to go to the jury; but for the reasons already mentioned, something more than a violation of the lease is required to sustain an action for recovery of the rent before the date fixed for such payment in the lease itself. The verdict was properly directed for the defendant.

The appeal seems to have been taken from the ruling directing a verdict for the defendant, and the abstract shows no entry of judgment on the verdict as returned. No question is raised by counsel as to the right to maintain such an appeal, and we raise none. We mention it only to indicate the necessity of a remand for the entry of the proper judgment. Such judgment should, of course, be in abatement

2. APPEAL AND
ERROR: affirmance and
remand for
judgment.

only and not as determinative of the merits of plaintiff's claim for recovery of rent or damages. The cause will, therefore, be remanded to the district court for the entry of judgment upon the directed verdict.—*Affirmed* and *Remanded.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.