HARRY G. BENAKIS, Appellee, v. WILLIAM DAMAS, Appellant.

**LANDLORD AND TENANT: Waiver of Forfeiture.** A landlord who has permitted his tenant to pay monthly rental after the stipulated time is not thereby estopped to demand future rent promptly on its accrual, and to enforce forfeiture for nonpayment.

*Appeal from Des Moines Municipal Court.*—Thos. L. Sellers, Judge.

April 4, 1922.

Action of forcible entry and detainer, pursuant to the forfeiture of a lease because of the failure of defendant to pay the rent. The case was tried to the court without a jury. The court made a finding of facts, and entered judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*John D. Denison* and *S. B. Allen,* for appellant. ·

*D. Cole McMartin,* for appellee.

Evans, J.—The parties hereto were parties to a lease, wherein the plaintiff was lessor and the defendant was lessee. The rental provided therein was $45 per month, to be paid promptly in advance upon the first day of each month. The monthly rent was due on June 1, 1921. A three days' notice to quit was served on June 7th. The rent was tendered on June 8th, and refused. The principal contention urged in argument by the appellant is that the plaintiff had no right to institute proceedings forfeiting the lease, either by a three days' notice or otherwise, until he had first made a demand for the rent. The trouble with this argument is that the major premise upon which it is predicated is contradicted by the express findings of fact by the court. The court found, and the evidence sustains the finding, that, on the first day of June, the plaintiff demanded his rent, and that the defendant not only neglected to pay the same, but refused to pay the same, by reason of some grievance which he had against the plaintiff. He did offer the plaintiff a part of the rent, as a settlement of the grievance, and this the plaintiff refused. Whatever the merits of defendant's grievance, it cannot be said that the plaintiff failed to demand his rent.

The further point is made on behalf of the defendant that he did not pay his May rent until the 4th day of the month, nor his April rent until the 2d day of the month; and that, by accept-

ing these payments on such deferred dates, the plaintiff had waived the strictness and promptness of performance, and had lulled the defendant into the belief that such promptness would not be enforced against him; and that, for that reason, the tender of rent on the 8th day of June was sufficient. Whatever merit such point might have had if there had been no previous demand made by the plaintiff, it has no merit in the face of the fact that the plaintiff did make formal and insistent demand on the first day of June. He was not precluded by his previous leniency from making his demand for prompt payment on that date. No other grounds of reversal are presented for our consideration. The judgment below is, therefore,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.