BEN VERLINDEN, Appellant, v. ROBERT REVIA et ux., Appellees.

No. 47070.

OCTOBER 14, 1947.

Chas. M. Gasser, of Sioux City, for appellant.

Robert Beebe, of Sioux City, for appellees.

SMITH, J.—Defendants had been tenants of plaintiff's apartment building under oral lease since February 1946. Plaintiff alleged they failed and refused to pay the monthly installment of rent due January 7, 1947. Defendants answered that it had been the custom of plaintiff to call for the rent at the apartment each month on or about the due day and that they always had the rent money ready for him; that they had the money ready January 7, 1947, but plaintiff failed to call then or later.

A three-day notice to quit was served by plaintiff in person —plaintiff testifies on the 14th and defendants say it was on the 9th. Plaintiff says he called for the rent on the 7th and again on the 9th but no one was there. He also testifies that while he called for the rent most of the time it was understood defendants were to bring it to him if he failed to call and that it had actually so happened two times; also that he never called more than two days late.

Defendants' testimony contradicts him at most points. Mrs. Revia says she stayed home purposely on January 7th and he did not come. They both say he came the 9th, served the notice to quit, and refused at that time to accept the offered payment. Mr. Revia testifies he never took the rent money to plaintiff except once—when Mrs. Revia was in the hospital—and that

he was never instructed to bring the rent if the plaintiff failed to call for it.

Plaintiff emphasizes that the notice to quit offered in evidence was dated January 14th and that defendants did not produce the copy left with them. Mr. Revia says he tore it up but his wife gathered up the pieces and put them in an envelope which he took to his attorney. Plaintiff admits defendants wanted to pay on the occasion when he served the notice and that he refused to accept payment then.

It is manifest we have here questions of fact only. The briefs discuss three cases: Cole v. Johnson, 120 Iowa 667, 94 N. W. 1113; Benakis v. Damas, 193 Iowa 534, 187 N. W. 436; and Rogers v. Teager, 170 Iowa 604, 153 N. W. 159. None of them is particularly helpful here.

The decision in Benakis v. Damas, supra, especially relied on by plaintiff, was decided when cases of this kind were triable at law. It turns on the proposition that the finding of the trial court upon sufficient supporting evidence was conclusive upon the question of timely demand for payment and refusal by the tenant to pay.

▮▮ The case is now in equity under the present statute. Section 648.5, Iowa Code, 1946; Missildine v. Brightman, 234 Iowa 1339, 1344, 14 N. W. 2d 700. But, though triable here de novo, we are content to accept the trial court's appraisal of the situation, especially in view of the admitted fact that plaintiff refused to accept payment when he served the notice to quit and that no prior demand had been made.—Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and HAYS, JJ., concur.