BOARD OF EDUCATION OF FRELINGHUYSEN TOWNSHIP,
  PROSECUTOR, v. FRANKLIN T. ATWOOD, COUNTY
  SUPERINTENDENT OF PUBLIC INSTRUCTION.

Submitted December 11, 1905—Decided February 26, 1906.

The failure of the board of education of a township to provide trans-
  portation for children living remote from the school-house is not
  such a failure to provide "suitable school facilities and accom-
  modations" under section 126 of the School law as to authorize
  the county superintendent of schools to transmit to the custodian
  of the school moneys an order to direct him to withhold from the
  district all moneys in his hands to the credit of such school dis-
  trict received from the state appropriation or from the state
  school tax.

On *certiorari.*

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *William H. Morrow.*

For the defendant, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GARRETSON, J.   The writ in this case brings up an order
of the superintendent of public schools in the county of War-
ren, as follows:

*"To the Custodian of School Moneys of the School District
  of Frelinghuysen:*

"SIR—You are hereby directed to withhold the amount of
school moneys in your hands from the school moneys appro-
priated to your school district, because the children of ———,
residing in the school district of Frelinghuysen, are not pro-
vided with suitable school privileges.

"Dated 23d day of February, 1905.

                              "F. T. ATWOOD,
                              *"County Superintendent."*

This order was approved in writing February 24th, 1905, to take effect March 6th, 1905, by the state superintendent of public instruction. This action is claimed to be authorized by section 126 of the School law of 1903. *Pamph. L.* 1904, p. 5.

This section is as follows:

"Each school district shall provide suitable school facilities and accommodations for all children residing in the district and desiring to attend the public schools therein; whenever such school facilities or accommodations shall be inadequate and unsuited to the number of pupils attending or desiring to attend such schools, the county superintendent of schools shall transmit to the custodian of the school moneys of the school district an order directing him to withhold from the district all moneys in his hands to the credit of such school district received from the state appropriation or from the school tax until suitable facilities or accommodations shall be provided, and shall notify the board of education of such district of his action, with the reasons therefor; such order shall not take effect until approved in writing by the state superintendent of public instruction, and said approval shall state when said order shall take effect."

The respect to which the testimony shows the board of education to have been delinquent was in failing to provide transportation for certain children living remote from the school-house.

Section 117 of the same act provides: "Whenever in any district there shall be children living remote from the school-house the board of education of such district may make rules and contracts for the transportation of such children to and from school."

We do not think that the failure of the board of education to provide transportation for children living remote from the school-house was a failure to provide suitable school facilities and accommodations for all children residing in the district desiring to attend the public schools therein, within the meaning of section 126.

Section 126 is the first of six sections which make up

"Article X.    School Houses."    All the other five sections
refer specifically to school buildings, the manner of their
construction, &c., and so we think that "suitable school facili-
ties and accommodations," as used in that section, referred to
the buildings mentioned in the article.

Besides, the furnishing of transportation to children living
remote from school-houses is permissive to the board of edu-
cation, not mandatory upon them.   Section 117, which is the
first section of article 9 of the School law, which is the article
relating to "pupils," says the board of education "may" make
rules and contracts for the transportation of children living
remote from the school-houses, not must make them.

The county superintendent of public schools being without
power to make the order complained of, there could be no
appeal from his order to the state superintendent, and the
order being outside of the jurisdiction of the county super-
intendent, it was only remediable by *certiorari* to this court.

The order complained of is set aside, with costs.