BOARD OF EDUCATION OF FRELINGHUYSEN TOWNSHIP, DEFENDANT IN ERROR, v. FRANKLIN T. ATWOOD, COUNTY SUPERINTENDENT, PLAINTIFF IN ERROR.

Submitted December 10, 1906—Decided March 4, 1907.

1. The failure of a board of education to provide for the transportation of children living remote from the schoolhouse, pursuant to section 111 of the School law (*Pamph. L.* 1902, *p.* 108), is not a failure "to provide suitable school facilities and accommodations" within the meaning of section 120 of the same act. *Id., p.* 69.
2. The latter section being highly penal in its consequences, its language must be construed with reasonable strictness.

On error to the Supreme Court, whose opinion is reported in 44 *Vroom* 315.

For the plaintiff in error, *Robert H. McCarter*, attorney-general.

For the defendant in error, *William H. Morrow*.

The opinion of the court was delivered by

HENDRICKSON, J.   The county superintendent of the county of Warren, under color of authority contained in section 120, article 10, of the School law of 1902 (*Pamph. L., p.* 69), made an order in writing, which was afterwards approved by the state superintendent, directed to the custodian of the school funds of the school district of Frelinghuysen, in said county, ordering him to withhold from said district the school moneys in his hands apportioned to said district, because the children of certain persons named, residing in the district, were not provided with suitable school privileges.   The board of education of the district thereupon removed the order and the proceedings thereunder by writ of *certiorari* to the Supreme Court.   By the judgment of the latter court, the order was set aside as being made without jurisdiction.   The facts and circumstances will more fully appear by reference to the opinion of the court, found in 44 *Vroom* 315.   The county superintendent, the defendant below, brought a writ of error removing the judgment to this court for review.   The case shows that the defendant below based his action in visiting upon the school district the penalty denoted in his order upon the alleged refusal of its board of education "to provide suitable school facilities and accommodations for all children residing in the district and desiring to attend the public schools therein," as required in that section of the statute referred to. The case also shows that the particular infraction of the statute complained of as alleged was the failure of the board to provide for the transportation of certain children living remote from the schoolhouse, under the authority of section 111 of the act.

We concur in that part of the opinion of the Supreme Court which holds that such a failure was not a failure to provide suitable school facilities and accommodations within the meaning of section 120, and that for this reason the order in question was made without jurisdiction.   It will be noted that the section limits the exercise of the power claimed to such occasions as would be embraced in the language "whenever such school facilities and accommodations shall be inade-

quate and unsuited to the *number* of pupils attending or desiring to attend," &c., and this, we think, is very persuasive in favor of the construction thus given to the section in the court below. And this section of the statute being highly penal in its consequences, we should construe its terms with reasonable strictness. We do not deem it necessary, under the view we have taken, to consider the question alluded to in the opinion as to whether the provisions of section 111 before cited are mandatory or permissive only, and do not express any opinion on the subject. The result is that the judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 13.

*For reversal*—None.