MATTIE W. GIBBS, APPELLANT, v. BERTHA GUARAGLIA AND CHARLES GUARAGLIA, EXECUTORS OF FRANK GUARAGLIA, DECEASED, APPELLEES.

Submitted March 21, 1907—Decided June 10, 1907.

The Negotiable Instruments act (*Pamph. L.* 1902, *p.* 594, §§ 63, 64) abrogates the rule laid down in *Chaddock* v. *Van Ness,* 6 *Vroom* 517, and subjects a person, not otherwise a party to a promissory note, who places his signature thereon in blank before delivery, to the liability of endorser in favor of the payee and subsequent parties.

---

On appeal from the Second District Court of Jersey City.

Before Justices FORT, HENDRICKSON and PITNEY.

For the appellant, *Weller & Lichtenstein.*

For the appellees, *George W. Flaacke.*

The opinion of the court was delivered by

PITNEY, J. This action was brought to recover the amount due upon a promissory note dated June 27th, 1903, made by one Henry Breuck to the order of William Shaffer, payable on demand after date at the Second National Bank of Hoboken, and endorsed in blank by defendants' testator before delivery to the payee. Plaintiff is the holder of the note by assignment from the payee.

Guaraglia, the endorser, died October 26th, 1904. The note was not presented at bank for payment during his lifetime, nor thereafter until July 18th, 1905, when it was protested for non-payment, and the defendants, as executors of Guaraglia, were notified.

The action was brought to trial before the judge of the District Court without a jury. For the plaintiff evidence was introduced tending to show, but not conclusively showing, that the endorser, Guaraglia, waived presentment of the note, at least for a time.

The trial court rendered judgment in favor of the defendants, holding that the signing of the note by Guaraglia before its delivery to the payee was an endorsement, so that in order to fix a liability upon him there should have been a presentment for payment within a reasonable time after the making of the note and notice of non-payment. It was held that the endorser did not by his conduct waive his right to presentment and notice of non-payment, and that the evidence did not show such an arrangement between the parties to the note as would preclude the defendants, as representatives of the endorser, from availing themselves of the defence that there was not presentment for payment and notice of non-payment within a reasonable time.

Since the findings of the trial judge upon the questions of fact are reasonably justified by the evidence that was before

him, we cannot review those findings upon this appeal, which is limited to questions of law only. *Burr* v. *Adams Express Co.*, 42 *Vroom* 263.

The appellant insists that Frank Guaraglia was primarily liable upon the note, and that no presentment or notice was necessary to bind him. *Chaddock* v. *Vanness*, 6 *Vroom* 517; 10 *Am. Rep.* 256, is cited in support of this contention, but by section 63 of the Negotiable Instruments act (*Pamph. L.* 1902, *p.* 594) "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

And by section 64: "Where a person not otherwise a party to an instrument places thereon his signature in blank before delivery, he is liable as endorser, in accordance with the following rules: (I) If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties," &c.

The act abrogates the rule of *Chaddock* v. *Vanness*, and subjects a person, not otherwise a party to the instrument, who places his signature thereon in blank before delivery, to the liability of endorser in favor of the payee and subsequent parties. See *Wilson* v. *Hendee*, 45 *Vroom* 640.

We think the trial judge properly held that the obligation assumed by Frank Guaraglia was merely the conditional obligation of an ordinary endorser, so that for want of presentment of the note for payment within a reasonable time and notice of non-payment there was no liability upon him or his representatives.

The judgment under review should be affirmed, with costs.