FRANK SCHNEIDER, DEFENDANT IN ERROR, v. AUGUST MUELLER, PLAINTIFF IN ERROR.

Submitted July 10, 1911—Decided November 21, 1911.

The Negotiable Instruments act of 1902, making admissible parol testimony between several endorsers to show that they agreed to become liable otherwise than in the order in which they endorsed the instrument, applies to a note endorsed by several endorsers, which was a renewal of a note made and endorsed by the same parties before the passage of said act.

On error to the Supreme Court.

For the plaintiff in error, *Patrick H. Gilhooly* and *Samuel Koestler.*

For the defendant in error, *Alfred A. Stein.*

The opinion of the court was delivered by

KALISCH, J.   August Mueller, the plaintiff in error, challenges the correctness of the rulings of the trial court in permitting Frank Schneider, the plaintiff below, to recover a judgment against him, Mueller, in an action upon a promissory note for $640, payable three months after date, signed by Fred. Klophaus and Ann Klophaus, and endorsed in the manner following:   Frank Schneider, August Mueller.

The proofs in the case showed that the makers of the note in 1900 employed Mueller, the defendant, who was a contractor, to build a house for them in Elizabeth, New Jersey, and that Mueller made a sub-contract with the plaintiff to do the mason work, and when the structure was completed there was due from the defendant to the plaintiff upon the sub-contract $1,000.   The plaintiff demanded this sum from the defendant, who, in turn, met this demand with the statement that Klophaus was short of money and could not pay then, and therefore requested the plaintiff to accept the note of Fred. Klophaus and his wife, which the plaintiff refused to do unless the defendant would endorse the note, which the defendant did, and thereupon it was accepted by the plaintiff and was subsequently discounted for him by the Union Trust Company and was renewed, from time to time, for less amounts, in the same form as the original one, by the same parties thereto, until the note was reduced to the sum sued upon, and when that became due it was protested and the plaintiff compelled to pay it.

The first ground relied upon by the defendant for a reversal of the judgment, is that the trial court should have ordered a nonsuit, moved for by the defendant, at the close of the plaintiff's case, upon the basis that the declaration contained

merely the common counts with a copy of the note annexed thereto; that the note, on its face, showed that the plaintiff was an endorser and subsequent to the defendant, and therefore the defendant was not liable thereon; that in order to show a liability of the defendant to the plaintiff, the declaration should have contained a special count showing how that liability arose. There is no merit in this contention. The plaintiff's declaration is strictly in conformity with the requirements of section 30 of the Practice act of 1903, page 542, which expressly authorizes a plaintiff in an action on a bill or note to declare on the money counts alone, annexing to his declaration a notice containing a copy of the bill or note with the endorsements, &c.

The other ground unsuccessfully urged by the defendant for a nonsuit in the trial court and now urged here as a reason for a reversal of the judgment was, and is, that the note in its inception was made before the passage of the Negotiable Instruments act (*Pamph. L.* 1902, *p.* 583), therefore it is not affected by the provisions of this statute, and, consequently, parol evidence was inadmissible to vary the contract between the endorsers as exhibited by the note itself, and that by the note no obligation to pay the plaintiff was assumed by the defendant when he endorsed it. This theory of the defendant is untenable. The action is on a note made in 1909, and for a valuable consideration. Although it was a renewal of a series of notes dating back to 1900, it was, nevertheless, in legal effect, a new transaction and comes clearly within the operation of the sixty-eighth section of the Negotiable Instruments act, which makes admissible parol testimony between several endorsers to show that they agreed to become liable otherwise than in the order in which they endorsed the instrument. *Wilson* v. *Hendee,* 45 *Vroom* 640. The original note was given for an indebtedness from the defendant to the plaintiff; the form in which the note was made did not express the true nature of the transaction, but this much is clear that no vested right of the defendant would have been impinged upon, even if the transaction were considered as one existing before the Negotiable Instruments act, in having permitted the plaintiff to

prove, under the new rule of evidence, the true relation in which the endorsers stood to each other and that the defendant was the real debtor. It would shock the sense of justice to permit a debtor to evade the payment of a just debt, because of the informality in the exhibit to which he is a party and which owed its origin to him. The testimony showing that notwithstanding that the defendant was apparently a subsequent endorser to the plaintiff he was in fact a prior one was therefore competent.

The judgment should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Kalisch, Bogert, Vredenburgh, Congdon, White, JJ. 13.

*For reversal*—None.