27 N.J. 76 (1958)
141 A.2d 542
BOARD OF EDUCATION OF THE CENTRAL REGIONAL HIGH SCHOOL DISTRICT OF OCEAN COUNTY, PLAINTIFF-APPELLANT,
v.
STATE BOARD OF EDUCATION OF NEW JERSEY, DEFENDANT-RESPONDENT, WILLIAM PATRICK TUNNEY, INTERVENER-APPELLANT.
The Supreme Court of New Jersey.
Argued April 22, 1958.
Decided May 19, 1958.
Mr. John J. Rafferty argued the cause for the intervener-appellant.
Mr. David D. Furman, Acting Attorney-General, argued the cause for the respondent.
*77 The opinion of the court was delivered by JACOBS, J.
This is an appeal from the State Board of Education's decision affirming the Commissioner of Education's action which advised the Board of Education of the Central Regional High School District of Ocean County to discontinue the transportation of elementary parochial school children who attend grades below the junior-senior high school grades of 7 through 12 for which the regional district was established. R.S. 18:8-1 et seq. We certified the matter on our own motion. R.R. 1:10-1(a).
The parties have submitted an agreed statement of facts which sets forth the following: Prior to the school year 1956-57 the school children in grades 9 through 12 from the school districts of Seaside Park, Seaside Heights, Island Heights, Ocean Gate, Berkeley and Lacey attended the Toms River Consolidated Schools system on a tuition basis. Each of the school districts furnished transportation to the consolidated school and at the same time furnished transportation along established routes to children within the districts who attended grades kindergarten through 8 at St. Joseph's Parochial School in Toms River and grades 9 through 12 at St. Rose's School in Belmar. In September 1956 the newly created Central Regional High School District of Ocean County assumed the responsibility of educating children from grades 7 through 12 who reside in the regional district composed of Seaside Park, Seaside Heights, Ocean Gate, Berkeley and Lacey. At the same time the regional district assumed the responsibility of transporting its students to the junior-senior high school in Berkeley. Public school bus routes were established employing the most direct routes to the junior-senior high school, and transportation was also furnished along the established public school bus routes to school children residing within the regional district and attending St. Joseph's Parochial School, a nonprofit private school. Transportation was afforded to the parochial school children without regard to whether they were in grades within or below the grades of 7 through 12 for which the regional district was established.
*78 After receiving a complaint from a resident of the district the Commissioner of Education advised the regional board under date of February 4, 1957 that it was not authorized to provide transportation for pupils of lower grade than those for which the regional district was organized. On April 8, 1957 the Commissioner wrote a letter to the regional board which noted that the board had continued to provide transportation for the lower grade pupils and pointed out that if it did not discontinue its practice the county superintendent would be obliged to disapprove its transportation and that state aid could not be paid on disapproved transportation. On May 7, 1957 the board appealed to the State Board of Education, which affirmed the Commissioner's action. Thereafter the board appealed to the Appellate Division, but its appeal was withdrawn after William Patrick Tunney, a resident and taxpayer of Seaside Heights and father of fifth and second grade pupils attending St. Joseph's Parochial School, was permitted by the Appellate Division to intervene as a party appellant.
R.S. 18:14-8 provides, in pertinent part, as follows:
"Whenever in any district there are children living remote from any school house, the board of education of the district may make rules and contracts for the transportation of such children to and from school, including the transportation of school children to and from school other than a public school, except such school as is operated for profit in whole or in part.
When any school district provides any transportation for public school children to and from school, transportation from any point in such established school route to any other point in such established school route shall be supplied to school children residing in such school district in going to and from school other than a public school, except such school as is operated for profit in whole or in part."
No issue has been raised here by the parties as to the constitutional validity of R.S. 18:14-8. The intervening appellant's brief states that the constitutionality of the statute was not questioned in the proceedings below and assumes that the matter has been settled. The Attorney-General's brief states that "the constitutionality of public *79 expenditure for the transportation of parochial school children was sustained in Everson v. Board of Education of Ewing Twp., 330 U.S. 1 [67 S.Ct. 504, 91 L.Ed. 711] (1947), affirming 133 N.J.L. 350 (E. & A. 1945), and is not challenged on this appeal." And it also points out that "R.S. 18:14-8 was approved in the landmark Everson decision because of the benefit to school children, a legitimate objective, independent of any incidental benefit to a particular religion." Shortly after Everson was determined the people of New Jersey adopted the Constitution of 1947 which provides in Article VIII, Section IV, Paragraph 3 that "the Legislature may, within reasonable limitations as to distance to be prescribed, provide for the transportation of children within the ages of five to eighteen years inclusive to and from any school."
The single issue thus presented to us is whether the language of R.S. 18:14-8, construed in the light of its legislative history and judicial interpretation in Everson, grants statutory power to a regional district to transport resident parochial school children along the established public bus routes even though some of the children are in grades below those for which the regional district was established. In 1900 the Legislature, following L. 1894, c. 335, sec. 22, provided that whenever in any school district there are children living remote from the schoolhouse the board of education may make rules and contracts for the transportation of said school children to and from school. See L. 1900, c. 95, sec. 118. This provision was carried forth in later enactments (L. 1902, c. 36, sec. 111; L. 1903, Spec. Sess., c. 1, sec. 117; L. 1918, c. 32, sec. 1) and in the 1937 Revised Statutes. See R.S. 18:14-8. In 1931 the Legislature authorized the establishment of regional boards of education (L. 1931, c. 275), and in 1938 it enlarged its earlier enactment to provide for regional districts and regional boards. L. 1938, c. 155; R.S. 18:8-1.
In 1941 Senator Driscoll introduced a bill to amend R.S. 18:14-8; the statement attached to the bill set forth *80 that its object was "to provide for transportation to and from school of children attending other than public schools except such schools as those which are operated for profit in whole or in part." The bill was altered in the course of its passage but its original purpose was fairly effectuated by the ultimate enactment (L. 1941, c. 191) which amended R.S. 18:14-8 and became effective on July 1, 1941. In its first paragraph it provided that whenever in any district there are children living remote from any schoolhouse the board may make rules and contracts for the transportation of the children to and from school, "including the transportation of school children to and from school other than a public school" except schools operated for profit. And in its second paragraph it directed that when any school district provides transportation for public school children to and from school, transportation along the established school route "shall be supplied to school children residing in such school district in going to and from school other than a public school," except schools operated for profit.
The statute as amended relates to transportation rules and contracts by a board of education in any district, including a regional board in a regional district; and it does not recognize any distinction based on the grades being attended by the school children who are resident within the district and seek transportation along the established school route. In Everson the Board of Education of the Township of Ewing maintained classes through grade 8 and transported public school students beyond that grade to the public high school in Trenton. The board also made arrangements for the transportation of resident parochial school children to Trenton. The decision of the Court of Errors and Appeals upheld the arrangements as being within the authority of R.S. 18:14-8 even though they included pupils in the elementary grades of the parochial school as well as pupils in the high school grades. No legislative action was taken after Everson to limit the language of R.S. 18:14-8 so as to exclude the transportation of elementary grade parochial *81 pupils by a local or regional board of education which was providing transportation for high school or junior high school pupils.
In the light of the foregoing we have concluded that the Central Regional High School District did not exceed its statutory authority under R.S. 18:14-8 in furnishing transportation along its established bus routes to school children residing within the regional district and attending St. Joseph's Parochial School, even though some of the children were in grades below grade 7. We reject the respondent's contention that this result and the statutory interpretation upon which it rests "would have equal force as applied to the other functions and responsibilities set forth in R.S. 18:11-1 and R.S. 18:14-1." Unlike R.S. 18:14-8, the cited provisions do not deal with the transportation of children to schools other than public schools. Compare Board of Education v. Atwood, 73 N.J.L. 315 (Sup. Ct. 1906), affirmed 74 N.J.L. 638 (E. & A. 1907), with Board of Education of West Amwell v. State Bd Ed. of N.J., 5 N.J. Misc. 152 (Sup. Ct. 1927). R.S. 18:14-8 alone deals with such transportation and our present judicial function is to carry out the particular legislative purpose there evinced without affecting other provisions of the school laws which are not before us for determination. The various general rules of statutory interpretation which are relied upon by the respondent are not in dispute but they shed no additional light as to the meaning of R.S. 18:14-8.
The respondent closes its brief with the assertion that the transportation of elementary parochial school children along regional junior-senior high school bus routes will entail large public expenditures and that disapproval of the Commissioner's restrictive interpretation of R.S. 18:14-8 will discourage the establishment of such regional schools. But it presents no supporting data and, in any event, these are statutory policy matters for legislative rather than judicial consideration. See Ablondi v. Board of Review, 8 N.J. Super. 71, 75 (App. Div. 1950).
Reversed.
*82 For reversal  Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR  6.
For affirmance  Justice WACHENFELD  1.