## RYAN v. SECURITY SAVINGS & COMMERCIAL BANK.

(Court of Appeals of District of Columbia. Submitted February 11, 1921. Decided March 7, 1921.)

No. 3449.

1. **Evidence ⬳422—Representation that maker would not be held liable inadmissible, as contradicting note.**

   In an action on a promissory note, a claim by defendant that he was not to be held liable for the note, that it was merely desired by the bank to enable it to pass the examination of the bank examiner, contradicts the terms of the note, which is not permissible.

2. **Bills and notes ⬳452(3)—Nonliability for part of debt held defense pro tanto.**

   A maker of a note, who was liable only for two of the four notes for which the note in suit was given, has a defense against the original payee, for a partial failure of consideration, to the extent of the notes for which he was not liable, under Code of Law 1911, § 1332.

3. **Bills and notes ⬳140, 242, 475—Affidavit held not to show defendant was indorser; indorser for credit, joint maker, not discharged by extension.**

   In an action on a note given to the holder of four other notes, an affidavit of defense which stated that the defendants had signed the other notes as indorser does not show even prima facie that plaintiff was a technical indorser, since, if he signed the notes on the back before they were delivered, or after they were delivered while they were in the hands of

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the payee, for the purpose of enhancing the credit of the notes, he is not entitled to the privileges of an indorser, but is liable as a joint maker, and is not released by the extension of the notes without his consent.

4. **Bills and notes ⬥430—Renewal notes are not payment of indorsed notes without agreement.**

The taking of renewal notes does not effect a payment of the debt evidenced by existing notes indorsed by defendant under circumstances making him liable as a joint maker, in the absence of an express agreement, or other facts showing that the renewal notes were taken in payment of the debt.

Appeal from the Supreme Court of the District of Columbia.

Action by the Security Savings & Commercial Bank against James T. Ryan. Judgment for plaintiff, and defendant appeals. Affirmed.

J. S. Easby Smith and Ralph B. Fleharty, both of Washington, D. C., for appellant.

Milton W. King, Theodore D. Peiper, and L. Koenigsberger, all of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellee, which we shall call the bank, brought suit against Ryan on a promissory note, and filed an affidavit of merit under the seventy-third rule of the trial court. Ryan pleaded in bar, and in due time filed an affidavit of defense, then a substituted one, and finally the one which is now before us. The bank moved for judgment; the court granted the motion on the ground that Ryan's affidavit did not state a defense, and gave judgment for the bank, from which Ryan appeals.

Was Ryan's affidavit sufficient? Since it represents his third attempt, it must be assumed that it says all that can be said in his behalf. From it we gather the following: A corporation known as Ryan's Auto Service was indebted to the bank on four notes, aggregating $7,900, which Ryan "had signed as indorser." Ryan was the chief, if not the sole, stockholder of the corporation. Certain parties purchased the business of the corporation and assumed all its liabilities. Between these parties, the bank, and Ryan there was an agreement by which Ryan was not to further indorse the notes of the corporation. Two of the notes which he had indorsed—one in the sum of $2,300 and another in the sum of $800—became due. Renewal notes for the amounts evidenced by them, and signed by the corporation and third parties, were taken by the bank. Ryan did not indorse them. Later the other two notes, one in the sum of $2,500 and the other in the sum of $1,900, became due, but were not paid; nor were they extended.

About three months after this Ryan was called to the bank and told by the vice president that he must put his notes in bankable shape, and that if he would sign a note for $7,500—the four notes having been curtailed in the sum of $400 at some time not stated—it would be all right. Ryan hesitated, and said he was no longer liable as indorser upon any of those notes; but the vice president insisted that he was, and added that the assets of the corporation were sufficient to pay them; that he needed the $7,500 note only to enable the bank

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to pass the examination of the bank examiner, who was then in the bank, and that Ryan would not be called upon to pay it. Relying upon these representations, Ryan signed the note and delivered the same to the vice president. This is the note in suit. The notes for which this note was given were not delivered to Ryan when he executed it, but he does not say they were not surrendered later.

[1] With respect to the claim that the defendant was not to be held liable for the note, for the reason given, it must be put aside at once as devoid of merit. It contradicts the terms of the note, and this is not permissible. Specht v. Howard, 16 Wall. 564, 21 L. Ed. 348; Brown v. Spofford, 95 U. S. 474, 24 L. Ed. 508; Martin v. Cole, 104 U. S. 30, 36, 26 L. Ed. 647. There is nothing in Bluthenthal & Bickart v. Carson, 37 App. D. C. 118, to the contrary. It was there held that the defendants could show under section 1333 of the Code that they were accommodation indorsers, without consideration, for the benefit and at the request of the plaintiff. Clearly it has no bearing here.

[2] Ryan urges that he was induced to give the note in question upon the representation by the vice president that he was indebted to the bank on the four notes we have mentioned. He says this representation was untrue as to two of the notes; that is, the two for which renewals were taken and which he did not indorse. His argument is in effect that he was only an indorser upon the original notes; that the extension of the time of payment of the debt for which they were given, by the taking of the renewals without his consent, released him, and to that extent there was a partial failure of consideration. If this were true, it would be a defense pro tanto to the note. Code § 1332.

[3] But the argument assumes that he was an indorser within the meaning of the law, and that the affidavit shows it. The allegation relied on is that the bank held a number of the notes of the Auto Service corporation, "which notes the defendant had signed as indorser." The mere fact that he wrote his name on the back of the notes does not show even prima facie that he was a technical indorser. It is important to know when and under what circumstances he wrote his name there. If it was before or near the time the notes were delivered, or after they were delivered, but for the purpose of strengthening the credit of the note, and before the payee had indorsed, he would be a maker, and not entitled to any of the rights or privileges of an indorser.

The affidavit shows that the notes were never transferred from the payee bank, and that it never indorsed them. He was the only indorser. A fair construction of the affidavit warrants the conclusion that he signed the notes at or before the time they were delivered and for the purpose of enhancing their credit. If this were not the fact, it should have been so alleged, clearly and distinctly, as the seventy-third rule requires.

In the leading case of Good v. Martin, 95 U. S. 90, 93, 97 (24 L. Ed. 341) the court said:

" * * * But if any one not the payee of a negotiable note, or, in the case of a note not negotiable, if any party writes his name on the back of the note, at or sufficiently near the time it is made, his signature binds him in the same way as if it was written on the face of the note and below that of the maker; that is to say, he is held as a joint maker, or as a joint and several maker, according to the form of the note."

In the same decision we also read:

"Decided cases almost innumerable affirm the rule that, if one not the promisee indorses his name in blank on a negotiable promissory note before it is indorsed by the payee, and before it is delivered to take effect as a promissory note, the law presumes that he intended to give it credit by becoming liable to pay it either as guarantor or as an original promisor."

To the same effect, see Bendey v. Townsend, 109 U. S. 665, 667, 3 Sup. Ct. 482, 27 L. Ed. 1065; Browns Valley State Bank v. Porter, 232 Fed. 434, 439, 146 C. C. A. 428; Chandler & Taylor Co. v. Norwood, 14 App. D. C. 357, 367; Randle v. Davis Coal Co., 15 App. D. C. 357, 359.

Daniel, in his work on Negotiable Instruments (6th Ed.) § 713, says:

"That a third party whose name is on the back of a note before that of the payee * * * is held by numerous authorities * * * prima facie as a joint maker."

And he cites Good v. Martin, supra, and many other cases in support of his statement. The same authorities hold that as between the original parties to the note it is always open to the defendant to show by parol or otherwise the capacity in which he indorsed. It may be that he was to be held only as an indorser, and, if so, the law will enforce the agreement. The rule we are applying here deals only with the prima facie case made by Ryan's affidavit, which, as we have seen, was against him. If he was a technical indorser on the original notes, it was for him to show it. In this he failed. The taking of the renewal notes did not release him on the theory that he was an indorser.

[4] Nor was he discharged on the assumption that the renewals effected a payment of the old notes. The debt for which Ryan became responsible when he signed those notes was unpaid when the two renewals were taken. The notes were only evidence of debt—not payment of it, unless it was so stipulated. It is well settled that—

"The acceptance of a negotiable note for an antecedent debt will not extinguish such debt, unless it is expressly agreed that it is received as payment." Peter v. Beverly, 10 Pet. 532, 568 (9 L. Ed. 522).

In Downey v. Hicks, 14 How. 240, 249, 14 L. Ed. 404, it was ruled that a "note of the debtor himself, or of a third party, is never considered as a payment of a precedent debt, unless there be a special agreement to that effect." Many decisions are cited. See, also, Maxwell v. Holmesville Mill & Power Co., 231 Fed. 684, 686, 145 C. C. A. 570; Edison Electric Illuminating Co. of Boston v. Tibbetts, 241 Fed. 468, 154 C. C. A. 300; In re Howe (D. C.) 235 Fed. 909.

The affidavit does not set forth any special agreement, nor any other fact to indicate that Ryan was to be released from liability for the

debt evidenced by the original notes by the acceptance of the renewals by the bank.

From the foregoing considerations it is clear the affidavit does not state a defense. The judgment must be, and it is, affirmed, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.