## BOST v. REXINE CO.

(Court of Appeals of District of Columbia. Submitted October 8, 1925. Decided November 2, 1925.)

No. 4200.

1. **Bills and notes** ⟷243—**Accommodation indorser of note having blank for insertion of payee's name held liable only as indorser not joint maker.**

One indorsing in blank for accommodation of maker note having blank for insertion of payee's name *held*, under Code, §§ 1367, 1368, liable only as an indorser, and not as a joint maker.

2. **Bills and notes** ⟷421—**Diligence in ascertaining address of indorser for purpose of notice of dishonor held not shown.**

Where notary public, unable to find maker of note at his office on its due date, searched city and telephone directory for indorser's address, and, on being unable to find it, addressed notice of dishonor to indorser, using address of maker's office, *held* diligence in effort to ascertain indorser's proper address, required by Code, §§ 1393, 1412, 1416, was not shown.

In Error to Municipal Court of District of Columbia.

Action by the Rexine Company against James Lee Bost. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. W. Cox and J. T. Sherier, both of Washington, D. C., for plaintiff in error.

L. P. Loving and L. L. Hamner, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The Rexine Company, now defendant in error, was plain-

tiff in the municipal court, and sued James Lee Bost, now the plaintiff in error, claiming judgment against him upon a certain promissory note.

There is no issue of fact involved in the case. It appears by stipulation that on March 7, 1923, one R. Spencer Palmer prepared and signed as maker a certain promissory note for the sum of $279.25, payable on May 20th after date, with a blank left for the name of the payee. The note was then indorsed in blank by the defendant, James Lee Bost, for the accommodation of the maker, Palmer, and thereafter by the latter was made payable to the order of the Rexine Company, and delivered to that company. Palmer's address, but not Bost's, appeared upon the note.

On the date of the maturity of the note, it remaining unpaid, a notary public at about 3:15 p. m., went to the office of the maker, Palmer, in the Warder Building in this city, and made inquiry for him, but was informed by a clerk in the office that Palmer was not in at present. The notary then returned to his own office, examined the city directory and the telephone directory, but did not find Bost's address in either of them. He thereupon sent a protest and notice of dishonor to both Palmer and Bost at the address of Palmer, in envelopes bearing the return card of the notary. Neither of the notices was returned to him. The notary made no inquiry either of Palmer or his clerk as to the residence or business address of Bost. The latter never had an office or residence in the Warder Building, nor did he ever receive his mail at that address; but he had an address in the Southern Building in this city at which he received mail, as well as an office in the Finance Building, Philadelphia, where he also received mail. Palmer knew of both of these mailing addresses of Bost on the day of the maturity of the note. In the language of the stipulation, "Notice of presentment, demand and dishonor, written or oral, was never received by the indorser, Bost; that is, as required by the Negotiable Instruments Law, with respect to holding indorsers."

Upon these facts the lower court ruled that it was bound to hold that the defendant was a joint maker of the note sued upon, under the doctrine declared by this court in Ryan v. Security Savings & Commercial Bank, 50 App. D. C. 292, 271 F. 366, and judgment was entered against him accordingly. The defendant as plaintiff in error now claims a reversal.

[1] The first question in the case is whether Bost's liability upon the note was that of maker or indorser. We think that under sections 1367 and 1368, D. C. Code, he was liable as an indorser only. These sections are derived from the Uniform Negotiable Instruments Act, which has been generally adopted by legislation throughout this country. They read as follows:

"Sec. 1367. *Irregular Indorsement.*—A person placing his signature upon an instrument otherwise than as a maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

"Sec. 1368. *Signature in Blank by Stranger.*—Where a person not otherwise a party to an instrument places thereon his signature in blank before delivery he is liable as indorser in accordance with the following rules:

"First. If the instrument is payable to the order of a third person he is liable to the payee and to all subsequent parties.

"Second. If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.

"Third. If he signs for the accommodation of the payee he is liable to all parties subsequent to the payee."

It is true, as interpreted by the municipal court, that our present ruling is inconsistent with the holding of this court in Ryan v. Security Savings & Commercial Bank, 50 App. D. C. 292, 294, 271 F. 366. In that case, when speaking of the liability of one whose name appeared upon the back of a promissory note, we said:

"The mere fact that he wrote his name on the back of the notes does not show even prima facie that he was a technical indorser. It is important to know when and under what circumstances he wrote his name there. If it was before or near the time the notes were delivered, or after they were delivered, but for the purpose of strengthening the credit of the note, and before the payee had indorsed, he would be a maker, and not entitled to any of the rights or privileges of an indorser."

We are constrained to say that this doctrine is in violation of sections 1367 and 1368, D. C. Code, above quoted, these sections not being mentioned in the record or briefs filed in that case, nor in the opinion delivered by this court therein. The ruling as aforesaid in Ryan v. Security Savings & Commercial Bank is disapproved and overruled. McDonald v. Luckenbach, 170 F. 434, 95 C. C. A. 604; Rockfield v. First National Bank, 77 Ohio St. 311, 83 N. E. 392, 14 L. R. A. (N.

S.) 842; Deahy v. Choquet, 28 R. I. 338, 67 A. 421, 14 L. R. A. (N. S.) 847; Lightner v. Roach, 126 Md. 474, 95 A. 62; Gibbs v. Guaraglia, 75 N. J. Law, 168, 67 A. 81.

[2] The next question in the case is whether notice of the dishonor of the note was served upon Bost as indorser, as required by the statute. This subject is treated in the District of Columbia Code as follows: Section 1393 provides that notice of dishonor must be given to each indorser, and that any indorser not notified is discharged; section 1412 provides that if an indorser has given an address, notice of dishonor must be sent to that address, but, if he has given no address, then the notice must be sent either to the post office nearest his residence, or to the post office where he is accustomed to receive his letters, or if he live in one place and have his place of business at another, notice may be sent to either place; section 1416 provides that notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged.

It is stipulated in this case that no notice of presentment, demand, and dishonor, written or oral, as required by the foregoing provisions, was ever received by the indorser, Bost. The sole remaining question, therefore, is whether reasonable diligence was exercised to notify him according to the statute.

We answer this question in the negative. The only effort which the notary made to ascertain Bost's address was by examining the city and telephone directories. When he found no address given in either, he sent the notice to the same address as Palmer's, although he had no reason to believe that Bost received his mail there. The notary made no inquiry of Palmer or his clerk, although the former as might have been expected knew Bost's address. These facts are not sufficient to show reasonable diligence.

In Bacon v. Hanna, 137 N. Y. 379, 382, 33 N. E. 303, 20 L. R. A. 495, the court said:

"Merely looking into a directory is not enough. The sources of error in that process are too many and too great. Such books are accurate enough in a general way and convenient as an aid or assistance, but they are private ventures, created by irresponsible parties, and depending upon information gathered as cheaply as possible and by unknown agents. Their help may be invoked, but, as was said in Lawrence v. Miller, 16 N. Y. 231, their error may excuse the notary, but will not charge the defendant. Merely consulting them should not be deemed 'the best information obtainable by diligent inquiry.'"

In Whitridge v. Rider, 22 Md. 548, when speaking concerning the action of a notary, the court said:

"He failed however to apply to the makers of the note, although he proves that he knew them and that their place of business was but one square from his office. The reason he assigns for not doing so, was their presumed interest not to give him correct information. We think that in this he failed in his duty."

See, also, Hill v. Varrell, 3 Greenl. (Me.) 233, 238; Gilchrist v. Donnell, 53 Mo. 591, 594; University Press v. Williams, 48 App. Div. 188, 62 N. Y. S. 986; Powder Co. v. Rooney, 63 Misc. Rep. 344, 117 N. Y. S. 220.

We conclude accordingly that the plaintiff in error was an indorser only upon the note, and that he was not notified of its dishonor as required by statute, nor was reasonable diligence exercised in an effort to notify him. Consequently he was not liable to the defendant in error upon the note, and the judgment below is reversed with costs.

The cause is remanded for further proceedings not inconsistent herewith.