The PURCELLVILLE NATIONAL BANK, a body corporate, Appellant,

v.

William A. CARTER, Appellee.

No. 2232.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 8, 1958.

Decided Nov. 24, 1958.

Jo V. Morgan, Jr., Washington, D. C., for appellant.

Russell Hardy, Sr., Washington, D. C., with whom Russell Hardy, Jr., Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant brought suit on a note against appellee, an accommodation endorser. When both parties asked for summary judgment, the court granted appellee's motion on the ground that there was no consideration for the note. Appellant's main contention on this appeal is that the court's ruling was incorrect because there were issues of fact involved on the question of consideration which precluded summary judgment.

 We have examined the pleadings, depositions and answers to various interrogatories in order to determine whether there was a material issue of fact. All doubts and inferences on this score will be resolved in favor of appellant, the non-movant. If it appears that there is such a factual issue, summary judgment may not be awarded.[1]

The note which was the subject of this suit was given as a renewal note by Vernie and Lorraine Carter, who were not related to appellee. The note extended two prior notes executed by the Carters and others, but not by appellee. The renewal note recites that the two prior notes were being held by appellant as collateral security for its payment. In answering the interrogatory, "What consideration was delivered to [the Carters] for the note * * *?", appellant's president first replied that the note was "an extension of two overdue notes which were cancelled." In subsequent interrogatories, however, he stated that

"the notes were not cancelled but were used as collateral security to the [renewal note] * * *."

The issue before us is whether the record conclusively shows that the renewal note is not supported by consideration. Appellee, of course, would only be liable to appellant, if appellant was a holder for value,[2] i. e., if value had at any time been given for the instrument.[3] As defined by Code 1951 § 28–202,

"Value is any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

 Appellee's position is that the facts here show that the Carters and appellant contemplated that a discharge and cancellation of the prior notes was to be the consideration for the issuance of the renewal note; that appellant's president has admitted that the notes were not cancelled, and that therefore there has been a failure of consideration. Appellant contends that the consideration for the renewal note was simply an extension of time and forbearance to sue on the old notes;[4] that there was no agreement to discharge the old notes, and thus whether they were cancelled or not is immaterial with regard to its right to sue on the renewal note. Alternatively, appellant argues that if there was an agreement to cancel the notes, nonetheless it was not required to do so before coming into court, but that it would be sufficient to produce the notes at the time there is a determination by the court that there was an obligation to cancel them.

 It is our conclusion that there were material issues of fact involved here, and that this was not a proper case for sum-

---

1. Municipal Court Civil Rule 56; White v. Luber, D.C.Mun.App.1958, 144 A.2d 774.

2. Code 1951, § 28–206.

3. Code 1951, § 28–203.

4. If this is true, it constituted sufficient consideration. Phenix Nat. Bank v. Raia, 1942, 68 R.I. 348, 28 A.2d 20, 141 A.L.R. 1474.

mary judgment. Whether appellant's acceptance of the renewal note put it under a duty to cancel the original notes depends on whether it agreed to do so, for without such an express contract, there was no discharge.[5] The intent of the parties determines whether such an agreement existed and this in turn is a question of fact.[6] Nothing in the answers to the interrogatories discloses a specific agreement to cancel, though one may possibly be inferred. We think the parties should be put to their proof on this issue. If there was no discharge, the renewal note would simply represent additional collateral security for the payment of the prior notes. Of course, appellant cannot recover on both the renewal note and the old notes.

We may add that if it is determined that there was an agreement to cancel the prior notes, appellant must produce them before it can recover on the renewal note.[7]

Reversed.

5. Ryan v. Security Savings & Commercial Bank, 1921, 50 App.D.C. 292, 271 F. 366, overruled in part on a different point, Bost v. Rexine Co., 1925, 56 App.D.C. 34, 8 F.2d 795, 55 A.L.R. 670.

6. Annotation, 52 A.L.R. 1416.

7. Abrams v. American Security & Trust Co., 1940, 72 App.D.C. 79, 111 F.2d 520, 129 A.L.R. 368; annotation, 129 A.L.R. 371.