William A. CARTER, Appellant,

v.

PURCELLVILLE NATIONAL BANK, a body corporate, Appellee.

No. 2457.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 12, 1959.

Decided Feb. 26, 1960.

Russell Hardy, Sr., Washington, D. C., with whom Russell Hardy, Jr., Washington, D. C., was on the brief, for appellant.

Jo V. Morgan, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case was previously here on an appeal from a summary judgment entered in Carter's favor. We reversed, holding that there were material issues of fact involved.[1] The facts, set out in our former opinion, need not be reiterated.

On the first appeal, Carter argued that the note sued on was made in contemplation of a discharge and cancellation of old notes, and since those notes were not canceled, there was a failure of consideration. The bank contended that the consideration for renewal was an extension of time and forbearance to sue on the old notes and that there was no agreement to discharge them.[2] In reversing, we held that the intent of the parties would determine whether such an agreement existed and that in turn would be a question of fact.

Upon remand, the suit was tried to the court without a jury. At the conclusion of the trial, the judge said:

"* * * I would conclude that there is no agreement, specific or otherwise, that the prior notes would be cancelled. In fact, it seems to me that the overwhelming evidence is to the contrary."

Accordingly, judgment was entered for the bank, and Carter appeals.

In this appeal Carter's argument has not substantially changed but he asks that a different conclusion be drawn therefrom. Again, he urges that there was no consideration, but this time his reason appears to be that since the original notes were not canceled, there was nothing to support the renewal note. The bank still maintains that the consideration consisted of an extension of time. Carter contends that this has no support in the record.

■ Carter's argument of no consideration must be directed, of course, toward the consideration flowing to the maker of the note because an accommodation party is liable to a holder for value even if the holder knew him only as an accommodation party.[3] Such is the case here. This is compatible with the rule that in a suit by the original payee, a note is subject to any defense available against the enforcement of a written contract.[4]

■ The assertion of no consideration is broad language. Accordingly, the first question presented is whether Carter has sustained his attack upon the theory that the alleged agreement to cancel was not fulfilled. A negotiable instrument is considered prima facie to issue for a valuable consideration,[5] but this is a rebuttable legal presumption.[6] However, it is necessary to do more than merely indicate a defense. It is required that a defendant carry his burden, for when the defense is want of consideration the defendant must demonstrate such a proposition with evidence.[7]

1. Purcellville National Bank v. Carter, D.C.Mun.App.1958, 146 A.2d 206.

2. Id., 146 A.2d at page 207. Other positions, not important for this decision, were also taken.

3. Code 1951, § 28-206. See Brice v. Herrmann, D.C.Mun.App.1957, 128 A.2d 790.

4. Knight v. Sontag, D.C.Mun.App.1953, 99 A.2d 217; McReynolds v. National Woodworking Co., 1928, 58 App.D.C. 197, 198, 26 F.2d 975, 977.

5. Code 1951, § 28-201; Towles v. Tanner, 1903, 21 App.D.C. 530, 542.

6. Holley v. Smalley, 1921, 50 App.D.C. 178, 269 F. 694.

7. Sheriger v. Gruner, D.C.Mun.App.1943, 34 A.2d 35.

The trial court found against Carter on this point. Its finding that there was no agreement to cancel the original notes meant not only that the agreement did not exist, but that Carter had failed to prove his asserted defense. That finding has ample support in the record. Moreover, Carter offered no essentially different evidence from which the conclusion could be made that there was no consideration. Consequently, on this state of the evidence, the bank made its case. Moreover, the bank's argument that the consideration was an extension of time also finds support in the record.

■ With those thoughts in mind, we will turn to Carter's contention that, even without an agreement to cancel, the renewal note had nothing to support it unless the original notes were canceled. On this point, he maintains that the trial court's finding supports him. As we understand this argument, he asks us, in effect, to hold as a matter of law that when a renewal note is given for old notes, there is no consideration given the maker of the renewal unless the old notes are also canceled and discharged. However, such is not the law. Whether the acceptance of a renewal note causes the cancellation of the original notes depends upon the mutual agreement of the parties to that cancellation, for without such a contract there is no discharge of the old notes.[8]

Again, the trial court found that the parties did not intend that an agreement to that effect should exist among them, and we see no basis for disturbing either that finding or the law.

Finally, the other points raised by appellant are without merit.

Affirmed.

8. Purcellville National Bank v. Carter, supra note 1, at page 208 of 146 A.2d.