19-1137 (L)
United States v. Atuana, Adeniran

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> WIILIAM J. NARDINI,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          **19-1137-cr (Lead)**
> **19-1141-cr (Con)**

JOSEPH ATUANA, AYODELE ADENIRAN

> *Defendants-Appellants.*

---

| | |
|---|---|
| **FOR DEFENDANTS-APPELLANTS:** | JAMESA J. DRAKE, Drake Law, LLC, Auburn, ME *for* Joseph Atuana ANDREW LEVCHUK, Andrew Levchuk, Counsellor at Law, LLC, Amherst, MA *for* Ayodele Adeniran. |
| **FOR APPELLEE:** | NICHOLAS FOLLY, Assistant United States Attorney (Rebekah Donaleski, Karl Metzner, Assistant United |

States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants Joseph Atuana and Ayodele Adeniran appeal from judgments of conviction entered April 19, 2019, by the United States District Court for the Southern District of New York (Failla, *J.*) following jury verdicts of guilty on the following counts: conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; aggravated identity theft, in violation of 18 U.S.C. § 1028A; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and, with respect only to Atuana, making a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542. After trial but before sentencing, Defendants submitted a joint *pro se* motion for judgment of acquittal and for a new trial under Rules 29 and 33 of the Federal Rules of Criminal Procedure alleging ineffective assistance of trial counsel. The district court denied the Rule 29 and 33 motion as well as Defendants' motion for leave to file an untimely motion to suppress evidence under Rule 12(c)(3) of the Federal Rules of Criminal Procedure. On appeal, Atuana challenges two evidentiary rulings at trial, and Adeniran challenges the denial of the motion for new trial and the denial of leave to file the untimely suppression motion. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Atuana's Evidentiary Challenges

First, Atuana argues that the district court abused its discretion when it admitted a proffer letter drafted by Atuana's attorney in connection with plea negotiations in a 2014 state-court case, where Atuana sought lenience based on the representation that he was unwittingly used by others to perpetrate a fraud. Atuana submits that, because the probative value of the letter relies on the forbidden-propensity inference that Atuana is a "fraudster," introduction of the letter ran afoul of both Federal Rules of Evidence 404(b) and 403. Second, Atuana argues that the district court abused its discretion by admitting evidence that Atuana failed to file federal income tax statements for business entities he controlled, which had been used as conduits in the fraudulent activity at issue. Atuana claims that the tax-related evidence should have been excluded under Federal Rule of Evidence 403 because the failure to file tax returns was not probative of whether the entities were legitimate businesses, and this evidence was highly prejudicial because it portrayed Atuana to be a tax evader.

We conclude that the district court did not abuse its discretion by admitting this evidence. Under Rule 404(b), evidence of a prior "crime, wrong, or other act" is admissible for non-propensity purposes such as to show "intent," "knowledge," or "absence of mistake." Fed. R. Evid. 404(b). The fact that Atuana's lawyer made the innocence proffer to a prosecutor tended to serve these purposes because it showed Atuana's awareness, as of 2014, of alleged criminal activity occurring through his accounts. And, under Rule 403, the district court's weighing of the probative value of both categories of challenged evidence against the risk of unfair prejudice was not "arbitrary or irrational." *United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010). The 2014 letter was probative because it undermined the credibility of Atuana's defense theory

3

that he was unknowingly caught in the middle of a criminal scam lasting beyond 2014. As for the tax-related evidence, the district court reasonably concluded that Atuana's failure to file any tax returns for his several companies over the course of the conspiracy was probative of whether the businesses were legitimate. Moreover, as to both the 2014 letter and the tax-related evidence, the district court was well within its discretion in determining that the probative value was not substantially outweighed by the risk of unfair prejudice where, as here, the evidence was not "any more sensational or disturbing" than the charged crimes. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). We thus reject Atuana's argument that the district court abused its discretion in admitting this evidence.

In any event, the alleged error would have been harmless in light of the robust evidence of Atuana's guilt. *See United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (holding error to be harmless where "other evidence overwhelmingly established [defendant's] culpability with respect to the charged crime"). For example, the government's evidence included uncontradicted testimony from several witnesses who had been the direct victims of the email "spoofing" and bank account takeover schemes, and whose money ended up in accounts controlled by Atuana. These victims detailed the deceptive solicitations and instructions they received, and the government's evidence linked these deceptive means to Defendants, for example, in the form of forged letters and emails found in their electronic files. Moreover, the jury saw Defendants' text messages and email correspondence regarding the frauds they perpetrated on specific victim-witnesses. These included Defendants' real-time communications exchanging victim bank account information, discussing wire amounts, and conferring about how to avoid detection.

For these reasons, we reject Atuana's challenges to the district court's evidentiary rulings.

4

2. Rule 33 Motion for New Trial and Evidentiary Hearing

After trial, Defendants filed a *pro se* motion for a new trial based on their trial counsel's failure to make a pre-trial motion to suppress evidence obtained through a search warrant executed in their home. Adeniran now argues that the district court abused its discretion in denying his motion for new trial and denying him a full evidentiary hearing on the merits of his ineffective assistance claim.

First, in light of this Court's "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003) (internal quotation marks omitted), we decline to consider the ineffective assistance claim in the absence of a complete factual record. Neither Adeniran nor his trial counsel have submitted affidavits or otherwise proffered evidence regarding the decision not to file a pre-trial motion to suppress. We thus decline to consider the claim here. *See United States v. Brown*, 623 F.3d 104, 112–13 (2d Cir. 2010) (stating that declining to consider such claims "permit[s] the appellant to raise the issue as part of a subsequent 28 U.S.C. § 2255 petition").

Second, the district court did not abuse its discretion in declining to hold a full evidentiary hearing on Adeniran's ineffective-assistance claim. "When a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court *may*, and at times should, consider the claim at that point in the proceeding." *Brown*, 623 F.3d at 113 (emphasis added). Although the district court stopped short of a full evidentiary hearing, it took some testimony from Adeniran before concluding that "I feel that I have had the hearing that I need to have" and "I don't believe anything is gained by having [trial counsel] present." Adeniran App'x at 232–33. In so doing, the district court charted "a middle road that avoided

5

the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government . . . that would have resulted from a full testimonial hearing." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). Furthermore, the district court noted that it was "trying to minimize the degree to which [it was] invading the attorney-client privilege," Adeniran App'x at 233, by avoiding the possibility that Adeniran (who was *pro se* at the time) might unknowingly waive the privilege. We thus affirm the district court's decision not to hold a full evidentiary hearing.

Third, Adeniran fails to carry his heavy burden of demonstrating "extraordinary circumstances" warranting a new trial. *United States v. Imran*, 964 F.2d 1313, 1318 (2d Cir. 1992) (internal quotation marks omitted) (emphasis omitted). As discussed above, the evidence of Adeniran's guilt was overwhelming. Adeniran fails to show that the district court abused its discretion in denying him a new trial because there is no "real concern that an innocent person may have been convicted." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted).

For these reasons, we reject Adeniran's arguments with respect to his Rule 33 motion for a new trial, and we decline to consider the merits of his ineffective-assistance claim.

3. Good Cause under Fed. R. Crim P. 12(c)(3)

Finally, Adeniran argues that that he had "good cause" under Rule 12(c)(3) to file a post-trial suppression motion. It is well established, however, that "[a] strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause' [under Rule 12(c)(3)]." *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) (citing *United States v. Forrester*, 60 F.3d 52, 59 (2d Cir.

6

1995) (holding that there was no cause where defendant "la[id] the blame at the door of trial counsel whose competence he says he questioned")). On this record, Adeniran fails to demonstrate or even explain how his trial counsel's conduct went beyond a strategic decision, a failure to timely consult, or inadvertence, none of which is sufficient to show good cause. Thus, the district court did not abuse its discretion and correctly ruled that Adeniran "demonstrated no cause for his non-compliance." *Forrester*, 60 F.3d at 59.

We have considered Defendants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court